UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                    Plaintiff,
      v.

$41,352.00 UNITED STATES CURRENCY,
ONE GRAY 2011 KIA OPTIMA,
VIN Number KNAGN4A66B5142706
Registered and Titled to Zachary Mruk,

                                   Defendants.

ANGEL DONOVAN,
ZACHARY MRUK,

                                   Claimants.
_____

**REPORT
and
RECOMMENDATION**
----------------------------
**DECISION
and
ORDER**[1]

14-CV-819A(F)

APPEARANCES:       WILLIAM J. HOCHUL, JR.
                           UNITED STATES ATTORNEY
                           Attorney for Plaintiff
                           MARY C. KANE,
                           Assistant United States Attorney, of Counsel
                           138 Delaware Avenue
                           Buffalo, New York 14202

                           SILVERBERG AND SILVERBERG, LLP
                           Attorneys for Claimants
                           DAVID K. SILVERBERG, of Counsel
                           515 Brisbane Building
                           403 Main Street
                           Buffalo, New York 14203

## JURISDICTION

This case was referred to the undersigned by order of Hon. Richard J. Arcara on

January 7, 2015 (Doc. No. 18) for all pretrial matters and is presently before the court

---

[1] Because Plaintiff's motion seeks dispositive relief and Claimants' request for an enlargement of time within which to file an answer is non-dispositive, both are addressed in this combined Report and Recommendation and Decision and Order.

1

on Plaintiff's motion to strike the claims filed December 31, 2014 (Doc. No. 11) and Claimants' request to enlarge the period within which to file answers (Doc. No. 17).

## BACKGROUND and FACTS[2]

This action seeking *in rem* forfeiture against Defendants was filed October 2, 2014, alleging that Defendant U.S. Currency, alleged proceeds of Mruk's narcotics trafficking, found pursuant to execution of a search warrant at Claimant Zachary Mruk's ("Mruk" or "Claimant Mruk") bedroom in his apartment located at 15 Lydia Lane, Town of Cheektowaga, New York, where police also found Claimant Angel Donovan ("Donovan" or "Claimant Donovan") (collectively "Claimants"). Within Mruk's bedroom, police discovered and seized $41,146 in a closet safe, $126 on a nightstand, 2.89 pounds of marijuana, 1.71 ounces of hash oil, and a quantity of crack cocaine, all controlled substances. Also seized as an instrumentality of Mruk's narcotics trafficking was the Defendant Kia automobile, registered and titled to Mruk. Both the Defendant U.S. Currency and Kia automobile are alleged to be subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). During the investigation, Mruk admitted the marijuana was his, Donovan stated Mruk had for a long-time engaged in drug trafficking, and a narcotics canine alerted to the presence of narcotics in Defendant Kia and traces of narcotics on the Defendant U.S. Currency. Additionally, Mruk's employer stated Mruk was employed as a part-time valet earning $8 per hour plus tips. According to the auto dealer who sold Defendant Kia to Mruk, Mruk paid cash for the Kia in the amount of $22,000 of which $14,600 were $100 U.S. bills, a denomination preferred by narcotics traffickers who attempt to launder their sale proceeds by gambling at local casinos. At the time

---

[2] Taken from the pleadings and papers filed in this action.

this action was commenced, Mruk, who has a history of prior state narcotics convictions, had pleaded guilty to state drug charges stemming from the search and was awaiting sentencing.

As noted, Plaintiff's motion was filed on December 31, 2014 (Doc. No. 11) ("Plaintiff's motion") supported by the Affidavit of Mary Clare Kane, Assistant United States Attorney, In Support of Notice of Motion and Motion to Strike Claims (Doc. No. 11) ("Kane Affidavit") together with Exhibits A and B, copies of Claimants' claims ("Plaintiff's Exhs. A and B") and a Memorandum of Law in Support Of Motion To Strike Claims (Doc. No. 12) ("Plaintiff's Memorandum"). On January 6, 2015, Claimants filed their Opposition To Motion To Strike Claim (Doc. No. 17) ("Claimants' Opposition") together with a copy of the Direct Notice of Forfeiture Action as Claimants' Exhibit A ("Claimants' Exh. A"). In accordance with the court's direction, Doc. No. 19, filed August 6, 2015, Plaintiff filed on August 21, 2015 the Government's Reply to Claimants' Opposition To Motion To Strike Claims And Answers (Doc. No. 21) ("Plaintiff's Reply").

Pursuant to Rule G(4)(b) ("Rule G(4)(b)") of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), which govern federal *in rem* forfeiture actions, Rule A(1)(B), direct notice of the instant forfeiture action together with a copy of the verified complaint ("Complaint") were sent by Plaintiff using regular and certified U.S. Mail to Claimants' attorneys on October 10, 2014 ("Direct Notice"). Claimants' Exh. A; Kane Affidavit ¶ 4. The Direct Notice advised Claimants could contest the forfeiture of Defendant property by filing a written claim, subject to perjury, as required by Supplemental Rules Rule G(5) ("Rule G(5)"). Claimants were also advised that Rule G(5)(a)(ii)(A) required any claim be filed with this

court not later than November 17, 2014. *Id.* Claimants were further advised by the Direct Notice that they were required to file an answer to the Complaint or file a motion pursuant to Fed.R.Civ.P. 12 ("Rule 12") not later than 21 days after filing a claim, as required by Rule G(5)(b) (answer to forfeiture complaint or motion pursuant to Rule 12 to be filed within 21 days after filing claim). *Id.*

Claimants filed their respective claims on November 17, 2014, Doc. Nos. 8 (Donovan) ("Donovan's Claim") asserting Donovan was "the owner" of $30,000 of Defendant U.S. Currency and stating her address as 15 Lydia, Apartment 4, and that David K. Silverberg ("Silverberg") was her attorney; 9 (Mruk) asserting Mruk was the owner of $11,352.00 of Defendant Currency and the Defendant Kia auto and stating the same residence as Donovan and that Silverberg was also his attorney ("Mruk's Claim") ("the Claims"). Plaintiff's Exhs. A & B. Neither Donovan nor Mruk filed an answer, or a motion pursuant to Rule 12, by December 8, 2014, 21 days after November 17, 2014, as stated in the Direct Notice and required by Rule G(5)(b).

On January 6, 2015, as noted, Claimants filed Claimants' Opposition along with claims on behalf of Donovan, Doc. No. 13, and Mruk, Doc. No. 14, identical to those filed by Claimants on November 17, 2014, and Claimants' answers to the Complaint, Doc. No. 15 (Answer of Claimant Donovan) and Doc. No. 16 (Answer of Claimant Mruk). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion (Doc. No. 11) should be GRANTED; alternatively, Plaintiff's motion should be GRANTED in part and DENIED in part; Claimants' request to enlarge time (Doc. No. 17) is DENIED.

4

**DISCUSSION**

Plaintiff contends that although Claimants filed timely their Claims by the November 17, 2014 deadline, established by the Direct Notice, Claimants lack statutory standing because Claimants also failed to serve answers or move pursuant to Rule 12 by the December 8, 2014 deadline, *i.e.*, 21 days after filing the Claims on November 17, 2014 as required by Rule G(5)(b). Plaintiff's Memorandum at 6 (citing caselaw). In addition, Plaintiff contends the Claims fail to sufficiently state the basis for Claimants' assertions of ownership in Defendant assets thus depriving Plaintiff of protection against fraudulent claims and demonstrating Claimants lack standing, specifically, an ability to show a constitutional injury. Plaintiff's Memorandum at 6-7 (citing caselaw).

<u>Statutory Standing</u>.

As relevant, under Supplemental Rule G(8)(c) ("Rule G(8)(c)"), a motion to strike may be granted where a claimant fails to comply with Rule G(5) (failure to comply with timely filing of claim or answer). *See United States v. $12,126.00 U.S. Currency*, 2009 WL 2156960, at *2 (11th Cir. July 21, 2009) (affirming order striking claim for lack of statutory standing and stating "the district court was entitled to insist upon strict compliance with the procedural requirements set forth in Rule G(5)"); *United States v. $14,132.00 U.S. Currency*, 2011 WL 3235720, at *1 (D.Col. July 28, 2011) (granting Rule G(8)(c) motion to dismiss for lack of statutory standing where claimant filed claim but no answer); *United States v. $27,601.00 U.S. Currency*, 800 F.Supp.2d 465, 467 (W.D.N.Y. 2011) (Rule G(5) requires strict compliance); *United States v. One 2000 Mercedes Benz Bearing VIN WDBLJ70G0YF127256*, No. 09-CV-6543DGL, 2010 WL 4452096, at *3 (W.D.N.Y. Sept. 28, 2010) (failure to file timely answer in accordance

5

with Rule G(5) prohibits claimant from having "requisite statutory standing for contesting . . . forfeiture."), *report and recommendation adopted*, 2010 WL 4503189 (W.D.N.Y. Nov. 3. 2010).

Claimants do not contest their answers were not filed and no Rule 12 motions were filed by the December 8, 2014 deadline as established by the Direct Notice. *See* Claimants' Opposition (*passim*). Rather, Claimants assert they were entitled to rely on the statement contained in a published notice of this action on a government forfeiture website, pursuant to Rule G(4)(A)(iv)(C) (notice of action by alternative posting on "official internet government forfeiture site for at least 30 days") ("the website publication") which permits a claim to be filed within 60 days following the first day of such publication). Claimant's Opposition at 3. According to Claimants, in this case, because the website publication first occurred on November 7, 2014, pursuant to Rule G(5)(a)(ii)(B), Claimants could file a claim by January 6, 2015 and, accordingly, Claimants assert Claimants' answers were due 21 days later, or January 27, 2015. *Id.* Thus, according to Claimants, as Claimants' claims were filed timely on January 6, 2015, the answers were also timely filed on January 6, 2015 well-within the 21-day period as computed by Claimants. Claimants' contention fails for two reasons. First, Claimants overlook the actual text of Rule G(5)(a)(ii)(B) which, as relevant, states:

> "[the claim must be filed][3] if notice was published <u>but direct notice was not sent to the claimant or the claimant's attorney</u> . . . no later than 60 days after the first date of publication on an official internet government . . . [website]."

Rule G(5)(a)(ii)(B) (underlining added).

Here, Claimants do not dispute their attorney received the Direct Notice mailed by

---
[3] Unless indicated otherwise bracketed material added.

Plaintiff. Thus, the alternative 60-day period for filing a claim permitted by Rule G(5)(a)(ii)(B) is inapplicable and Claimants' answers were untimely served. Second, Claimants concededly relied on the Direct Notice's November 17, 2014 deadline for filing their Claims as they filed their Claims on that date in accordance with the Direct Notice. It is therefore obvious that upon receiving Plaintiff's motion, filed December 31, 2014, well after the December 8, 2014 deadline for filing their answer as required, Claimants realized their oversight and conceived of their incorrect reading of Rule G(5) in an after-the-fact attempt to avoid striking of their claims.

Claimants also assert that the Direct Notice is ineffective because it fails to state the date it was sent, as required by Rule G(4)(b)(ii)(A), thus making it impossible to ascertain the correct last date for filing a valid claim and, consequently, the last date for filing the required answer. Claimants' Opposition at 2. However, like Claimants' other contention based on a selective reading of Rule G(5)(a)(ii)(B), *see* Discussion, *supra*, at 5-6, this contention is wholly without merit, as a reading of the Direct Notice demonstrates Claimants' argument ignores the second paragraph of the Direct Notice which states

> Pursuant to Rule G(5) of the Supplemental Rules . . . direct notice of this action <u>is hereby sent to</u> [claimants] <u>on October 10, 2014</u>.

Claimants' Exh. A (underlining added).

Thus, it is disingenuous for Claimants to argue that "[a]lthough there is a date [October 10, 2014] immediately prior to the signature line, it is not indicated that that is the date the Notice by filing their claims was sent." *Id.* That Claimants unquestionably responded to the Direct Notice on November 17, 2014 as the Direct Notice required also renders Claimants' argument on this point meritless.

7

Alternatively, Claimants request the court enlarge the time within which Claimants may file their answers. Claimants' Opposition at 4 ("Claimants' Request"). Plaintiff opposes this request noting Claimants' failure to make such a request prior to the applicable deadline of December 8, 2014 for filing Claimants' Answer. Plaintiff's Reply at 14. Under Supplemental Rule A(2), the Federal Rules of Civil Procedure apply to asset forfeiture proceedings unless inconsistent with the Supplemental Rules. Plaintiff does not assert Rule 6(a)(B) is inconsistent with the Supplemental Rules, and the court's research finds no case finding such inconsistency. Fed.R.Civ.P. 6(b)(1)(B) ("Rule 6(b)(1)(B)") permits application to the court for enlargement of time upon a showing of "good cause," and, if "made after the time was expired if the party failed to act because of excusable neglect." A finding of good cause and excusable neglect requires consideration of several factors under Rule 6(b)(1)(B) including attorney incompetence. *See* Baicker-McKee Janssen Corr, FEDERAL CIVIL RULES HANDBOOK 2015 Thomson Reuters at 324 (citing caselaw). However, as Claimants fail to proffer any facts upon which good cause and excusable neglect relief under Rule 6(b)(1)(B) may exist sufficient to support Claimants' request, Claimants' request is DENIED.

In sum, the Direct Notice established the outside filing date for both Claimants' claims and answers (or Rule 12 motions) as required by Rule G(5)(a)(ii)(A) and Rule G(5)(b). While Claimants complied with the November 17, 2014 claim filing date established by Rule G(5)(a)(ii)(A), they did not timely file answers or Rule 12 motions within 21 days thereafter as Rule G(5)(b) requires. Thus, Claimants lack statutory standing to assert a claim and their claims must be stricken in accordance with Rule G(8)(c)(i)(A) and (B). *See One 2000 Mercedes Benz Bearing VIN*

8

*WDBLJ70G0YF127256*, 2010 WL 4452096, at 3 (failure to comply with Rule G(5)(b) requires dismissal of claim).

Constitutional Standing.

Plaintiff also contends that Claimants lack constitutional standing because the Claims fail to state any basis for asserting an ownership interest with respect to Defendants' assets. Plaintiff's Memorandum at 6-7 (citing caselaw); Plaintiff's Reply at 7-9 (citing cases). In opposition, Claimants contend that the Supplemental Rules, particularly Rule G(5)(a)(i)(A)-(D), require only an identification of the property and the claimant and a statement of the claimant's interest. Claimants' Opposition at 2. According to Claimants, their claims fully comply with Rule G(5)(a)(i)(A)-(D) as the claims state each Claimant to be the owner of the respective property as specified in their claims. *Id.* Plaintiff's contention in support of Plaintiff's motion asserting Claimants' failure to show constitutional standing based on an injury to an ownership interest in the assets is addressed in the alternative should the District Judge find that Claimants' answers were timely filed and that Claimants have therefore satisfied the statutory standing requirement.

It is established within the Second Circuit that "blanket assertions of ownership are insufficient to establish a claim [and] . . . a bald assertion of ownership without more, could result in the court entertaining a claim by an individual with no standing whatsoever." *United States v. $5,253.00 United States Currency*, 2014 WL 122254, at *4 (W.D.N.Y. Jan. 13, 2014) (citing caselaw). *See also Mercado v. U.S. Customs Service*, 873 F.2d 641, 645 (2d Cir. 1989) ("before a claimant can contest a forfeiture, he must demonstrate standing," because there is a "substantial danger of false claims in

9

forfeiture proceedings."). Thus, unless an examination of the facts alleged in the verified complaint provides the information necessary to permit the court to determine that a "risk" of a fraudulent claim is not present with respect to a claim based on such "bald assertion of ownership," the claim should be dismissed. *See $5,253.00 United States Currency*, 2014 WL 122254, at *4 (denying plaintiff's motion to strike where basis for claimant's otherwise "bald assertion" of ownership in alleged counterfeit property could be determined from examination of allegations in verified complaint). Here, the Complaint generally reiterates the facts of the underlying investigation leading to seizure of the money and automobile at issue. *See* Background and Facts, *supra*, at 2.

Specifically, the Complaint alleges that, pursuant to a search warrant, Claimants' apartment was searched and narcotics and the currency subject to forfeiture were seized, as well as Mruk's Kia automobile, as proceeds and instrumentalities of Mruk's narcotics trafficking. Complaint ¶ ¶ 5-8. Significantly, although the Complaint alleges Mruk admitted the marijuana found in Claimants' apartment was his, no allegation states Mruk asserted that either the currency or the Kia was his. Nor is there any allegation from which it may be reasonably inferred that Donovan, despite Donovan's claim to $30,000, has any ownership interest in any part of the currency. *See* Complaint (*passim*). Indeed, nowhere does Donovan even assert an interest based on possession, actual or constructive, which may establish standing. *See* Claimants' Opposition (*passim*). It is settlement law that a claimant is required to show some ownership interest in defendant asset, either actual or possession. *See United States v. One 1982 Porsche,* 732 F.Supp. 447, 451 (S.D.N.Y. 1990) ("claimant must demonstrate some ownership or possessory interest in the property at issue") (citing *Mercado v.*

*United States Customs Service*, 873 F.2d 641, 644-45 (2d Cir. 1989)).

Here, the Complaint alleges the Kia belongs to Mruk, Complaint ¶¶ 1, 5, 8, that Mruk purchased the Kia from an auto dealer with cash, Complaint ¶ 9, and that the vehicle is titled and registered in his name, Complaint ¶¶ 1, 5, thus sufficiently demonstrating that Mruk in fact is the owner of the vehicle, thereby eliminating the risk of a fraudulent claim by Mruk as to this asset. However, despite alleging $41,146 in currency was found in a safe in a closet, Complaint ¶ 5, nothing is alleged that directly implies Mruk to be the owner of any portion of the currency or have any possessory interest in the currency. For example, although the bulk of Defendant currency was discovered in a safe within Mruk's apartment, Complaint ¶ 5, there is no allegation that Mruk claimed the currency as his own, or that he had a combination for the safe. The same may be said with respect to the $126 found in a night stand within the apartment. Complaint ¶ 5.[4] Thus, should the District Judge find that Mruk has statutory standing based on a timely filed claim and answer, Plaintiff's motion with respect to Mruk's claim should be DENIED in part insofar as it sufficiently asserts an ownership interest in the Defendant vehicle. *See $5,253.00 United States Currency*, 2014 WL 122254, at *4 (allegations in verified complaint sufficient to establish ownership interest in assets of counterfeit property in compliance with Rule G(5)(a)(i)(B)). However, as Donovan's claim for $30,00, on its face, is manifestly a bald assertion of ownership in the currency and nothing in the Complaint alleges any facts upon which Donovan's ownership, or even a possessory interest, in any part of the currency may be inferred, Donovan's claim is insufficient to establish constitutional standing. *See One 1982 Porsche*, 732

---

[4] $41,146 and $126 total $41,272. Northing in the Complaint or Plaintiff's motion accounts for the $80 difference between this figure and the amount of U.S. Currency, $41,352, as stated in the Complaint as subject to forfeiture.

F.Supp. at 451. Therefore, even if the District Judge should find Donovan's Answer to have been timely filed, Plaintiff's motion should, as to Donovan's claim, be GRANTED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 11) should be GRANTED; alternatively, Plaintiff's motion should be GRANTED in part and DENIED in part. Claimants' request for an enlargement of time within which to file an answer (Doc. No. 17) is DENIED.

Respectfully submitted as to Plaintiff's motion,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

SO ORDERED as to
Claimants' Request for an
Enlargement of Time,

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: September ___, 2015
       Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Government and the Defendants/Claimants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 24, 2015
           Buffalo, New York